Tammy Hussin (Bar No. 155290)
HUSSIN LAW
6404 Merlin Dr. #100
Carlsbad, CA 92011
Tel: (877) 677-5397
Fax: (877) 667-1547
Tammy@HussinLaw.com

Attorney for Plaintiff, Miguel Pineda

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Miguel Pineda,<br><br>                    Plaintiff,<br><br>          vs.<br><br>Collectco Inc., d/b/a/ EOS CCA; and<br>DOES 1-10, inclusive,<br><br>                    Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br>**1. VIOLATION OF FAIR DEBT**<br>**COLLECTION PRACTICES**<br>**ACT, 15 U.S.C. § 1692 *ET. SEQ.***<br>**2. VIOLATION OF THE**<br>**TELEPHONE CONSUMER**<br>**PROTECTION ACT, 47 U.S.C.**<br>**§227 *ET. SEQ.***<br>**3. VIOLATION OF THE**<br>**ROSENTHAL FAIR DEBT**<br>**COLLECTION PRACTICES**<br>**ACT, CAL. CIV. CODE § 1788 *ET.***<br>***SEQ.***<br><br>**  JURY TRIAL DEMANDED** |

For this Complaint, the Plaintiff, Miguel Pineda, by undersigned counsel, states as follows:

## JURISDICTION

1.     This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), the Telephone Consumer Protection Act, 47 U.S.C. §227, *et. seq.* ("TCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788, *et. seq.* ("Rosenthal FDCPA"), by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2.     Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## THE PARTIES

4.     The Plaintiff, Miguel Pineda (hereafter "Plaintiff"), is an adult individual residing in San Francisco, California, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3). The events described herein occurred within this judicial district.

5.     The Defendant, Collecto, Inc. d/b/a EOS CCA, (hereafter "EOS"), is a Massachusetts corporation, registered in California as a foreign corporation, and operates regularly collecting consumer debts throughout California. EOS is operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.     Does 1-10 are individual collectors employed by EOS whose identities are currently unknown to the Plaintiff.  One or more of the Doe defendants may be joined as parties once their identities are disclosed through discovery.

7.     EOS at all times acted by and through one or more of the Doe defendants.

## THE DEBT

8.      A financial obligation (the "Debt") was allegedly incurred by Plaintiff's mother to AT&T (the "Creditor"). Plaintiff is in no way responsible for the repayment of the Debt.

9.      The Debt was assigned or otherwise transferred to EOS for collection, or EOS was employed by the Creditor to collect the Debt.

10.      The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

## THE FACTS

11.      Within the last year, EOS contacted Plaintiff on his cellular telephone in an attempt to collect the Debt.

12.      When EOS called Plaintiff, it knew how and where to reach Plaintiff's mother.

13.      When the calls began, Plaintiff spoke to an EOS representative. Plaintiff advised EOS his mother could not be reached at his phone number, and directed EOS to stop calling.

14.      Despite knowing Plaintiff's mother could not be reached at his number, EOS ignored Plaintiff's do-not-call directive and continued to call Plaintiff.

15.      EOS called Plaintiff at extremely inconvenient times, including causing Plaintiff's phone to ring at 2:17 a.m.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, *et seq.*

16.      The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17.      By continuing to call Plaintiff after knowing his mother could not be reached at Plaintiff's number, EOS violated 15 USC §1692c(b).

18.     By calling Plaintiff at inconvenient times and in the middle of the night, EOS violated 15 USC §1692c(a)(1).

19.     By continuing to call Plaintiff after knowing calls to him would not result in the repayment of the Debt, EOS violated 15 USC §1692d.

20.      The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

21.     The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT II
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –
## 47 U.S.C. §227, ET SEQ.

22.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23.     EOS called Plaintiff's cellular telephone using an automated telephone dialing system and/or an artificial or prerecorded voice ("Automated Calls").

24.     When Plaintiff answered the Automated Calls, EOS's telephone system sometimes failed to transfer the calls to a representative. Instead, Plaintiff heard only silence and then EOS's telephone system disconnected the call.

25.     EOS's telephone system has all the earmarks of an automated telephone dialing system (ATDS). When Plaintiff answered EOS's Automated Calls, there was never a live person immediately available with whom he could speak. Instead, Plaintiff waited in silence until EOS's telephone system transferred him to the next available representative.

26.     Other times, EOS's telephone system never transferred Plaintiff to a representative. Instead, inasmuch as there was no representative available when Plaintiff answered, EOS's telephone system disconnected the call.

27. As further indication of the use of an ATDS, Plaintiff received a blank voicemail.

28. EOS knows the prohibitions of the TCPA, and has been called to defend itself against multiple TCPA actions.

29. Insofar as EOS is intimately familiar with the TCPA and knew it had no consent to call Plaintiff on his cellular telephone, the Automated Calls were made in knowing and/or willful violation of the TCPA. As such, EOS should be subject to treble damages for each call pursuant to 47 U.S.C. §227(b)(3)(C). *See, e.g., J2 Global Communications v Blue Jay, Inc*., 2009 WL 4572726 (N.D. Cal.).

30. EOS' telephone dialing system has the capacity to store randomly or sequentially generated telephone numbers and randomly or sequentially dials telephone numbers.

31. The telephone number called by EOS was assigned to a cellular telephone service for which Plaintiff incurs charges pursuant to 47 U.S.C. §227(b)(1).

32. The calls from EOS to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. §227(b)(1)(A)(i).

33. Plaintiff is entitled to damages as a result of Defendant's TCPA violations.

## **COUNT III**
## **VIOLATIONS OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 *et. seq.***

34. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35. The Rosenthal Fair Debt Collection Practices Act, California Civil Code section 1788 *et. seq*. ("Rosenthal Act") prohibits unfair and deceptive acts and practices in the collection of consumer debts.

36. EOS, in the regular course of business, engages in debt collection and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

37.     The Defendants caused a telephone to ring repeatedly and engaged the Plaintiff in continuous conversations with an intent to annoy the Plaintiff, in violation of Cal. Civ. Code § 1788.11(d).

38.     Defendants failed to comply with the provisions of the FDCPA, in violation of Cal. Civ. Code § 1788.13(e).

39.     The Plaintiff is entitled to damages as a result of the Defendants' violations.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

1.   Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

2.   Statutory damages of $1,000.00 for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b);

3.   As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages pursuant to 47 U.S.C. §227(b)(3)(B);

4.   As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. §227(b)(3)(B) and 47 U.S.C. §227(b)(3)(C);

5.   Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3) and Cal. Civ. Code § 1788.30.

6.   Such other and further relief as may be just and proper.

///

///

///

1

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

2

3    DATED:  May 12, 2016                    TAMMY HUSSIN

4

5                                            By: _/s/   Tammy Hussin_
                                             Tammy Hussin, Esq.
6                                            Hussin Law
                                             Attorney for Plaintiff, Miguel Pineda
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28